ASSUMPSIT.

### Bright vs Wilson's Administrator.

ERROR TO THE LINCOLN CIRCUIT.

Case 35.    *Set off. Pleading. New trial.*

October 9.    JUDGE MARSHALL delivered the opinion of the Court.

Case stated.    As this action of assumpsit was brought by Bright alone, against Wilson's administrator, we are of opinion that the defendant was not entitled, against the will of Bright, to set off. a demand against Bright and Stephens jointly, on account of money paid as their security. The plea, therefore, should have been adjudged bad if it had been demurred to.

*A defendant may plead as a set off to a demand against him, a demand due by the plaintiff and another, and if issue be joined upon the plea, it is then too late to object that the joint demands cannot be set off, the objection should have been by demurrer to the plea.*

But as Bright was bound to the extent of the entire joint liability of himself and Stephens, and had a right, without the concurrence of the latter, to discharge it either by payment or by setting off, at any rate with the consent of Wilson, his separate demand against Wilson; and Wilson, therefore, had also the right, with the consent of Bright, to set off his demand upon Bright and Stephens against Bright's separate demand upon him, though he could not have done it without Bright's concurrence, when, therefore, Bright, instead of objecting to the proposed set off, on account of the joint nature of the demand, as he might have done by demurring, denies the fact itself upon which the demand against him is asserted in the plea, we think he should be understood as having waived any objection to the admissibility of the set off on legal grounds, and to have placed his objection solely upon a denial of the facts alledged as the foundation of the demand against him. If instead of setting up this demand by way of set off in a plea, Wilson's administrator had brought an action for it against Bright alone, it would have been at the option of Bright, either to have objected to the form of the suit on account of the non-joinder of the other party, or to have contested the demand on its merits, by a plea traversing or confessing and avoiding the facts alledged; and his adoption of the lat-

ter course would have been a conclusive waiver of the former. It is true that in the particular case stated, there are positive rules with regard to the time and manner of making the objection to the form of the suit, which preclude the objection in any other mode, or at any other time. But these rules are themselves founded on and intended to effectuate a general principle of convenience and propriety, which clearly indicates that after a party has, in the first instance, passed by an objection purely formal, and putting his case upon its merits, has failed, he should not be allowed to disturb a just decision on the substantial merits of the case, on the ground of such objections.

There are indeed, rules apparently formal, but which being deemed essential to the due administration of justice, are not waived by the failure to object to their infringement at the first opportunity. But the rule requiring that a joint liability shall be asserted and enforced against all the parties, is not of this character; and as there is no reason in the nature of the thing, why the defendant's claim against the plaintiff and another, should not, if there is no objection, be set off against the plaintiff's claim upon him, we see no reason for not implying consent and a waiver of the objection from the fact that the party who might have objected on legal grounds, objected only on the ground of the non-existance of the demand as against him. By denying the facts of the plea and tendering issue thereon, the plaintiff, in effect, consents that the claim set up, if proved to be just, may operate in this suit as a demand against him; and as his consent would have cured the defect of a separate suit against him for the same demand, so we think it cures the defect in the plea and makes the demand a proper subject of set off in this suit, and of a judgment against the plaintiff for the surplus, beyond the amount of his own demand.

Upon the evidence, we certainly cannot say that it clearly appears that Wilson did not, by his payment of the debt of Stephens and Bright, for which he was their security, acquire a just claim against them jointly, for reimbursement of the amount paid, nor that this claim has

The rule that a joint liability shall be asserted and enforced against all the parties liable, is a technical rule that is waived by a failure to present the objection at the first opportunity.

To authorize a new trial on the ground that the verdict is contrary to the evidence, it must appear to be very clearly so.

been satisfied by funds of Stephens in his hands, not otherwise rightfully appropriated; nor can we say, that upon comparison of the opposing claims of the parties, and the evidence in support of them, the jury were not authorized to find against Bright the balance stated in their verdict, and for which judgment has been rendered; and the motion for a new trial having been overruled by the Court, we should not be justifyed in setting aside the verdict on the ground of its being contrary to the evidence, unless it was clearly so.

Affidadit for a new trial on the ground of the discovery of testimony, should be accompanied by the affidavits of the winesses, or some good excuse for their non-production.

The affidavit stating a discovery of witnesses, is not accompanied by their affidavits, and makes no excuse for not presenting them; nor is it, in other respects, sufficient, as the matters to which it refers were directly involved in the issue.

Wherefore, the judgment is affirmed.

*Kincaid* for plaintiff; *Turner* for defendant.