BLOOD vs. WHITMAN and others

NEW TRIAL.—Where a party shows by his own affidavit and that of the witness he proposes to examine that the note sued on was void for want of consideration, and that the evidence to establish such defense is newly discovered, a new trial should be granted, and to refuse it under such circumstances is error.

( 3 Chand., 54.)

ERROR to the Circuit Court for *Racine* County.

Action of assumpsit on a promissory note a copy of which will be found in the opinion of the court. Trial by the court and judgment for the plaintiff for the amount of the note. Afterwards the defendant moved for a new trial on the ground of newly discovered evidence, showing that the note was without consideration, which motion was founded on the affidavit of the defendant and of one Thomas as to the facts he would testify to, but the motion was overruled, and judgment having been perfected, the defendant sued out a writ of error.

*Butterfield & Chase*, for plaintiff in error.

*Strong & Fuller*, for defendants in error.

WHITON, J. This case was commenced in the circuit court for Racine county, by the defendants in error. The declaration set out a note signed by the defendant, of which the following is a copy:

" $410.14. For value received, I promise to pay to Asenath Jordan, or her trustee, four hundred and ten dollars, and fourteen cents, two years from date, with annual interest at seven per cent., conditioned that if I shall, within that time, pay and discharge all legal demands against me without disposing of the real estate which I now own, then the above obligation shall be void, otherwise of force.

Rochester, June 24th, 1844."

At the trial, the above note was read in evidence by the counsel for the plaintiffs, who also introduced testimony tending to show that the defendant did not pay all legal demands against him within the time specified in the condition of the note.

The marriage of the plaintiffs before the commencement of the suit was admitted by the counsel for the defendant, and the plaintiffs then rested their case. The defendant offered no testimony, and the judge by whom the case was tried, a jury having been waived by the parties, being of opinion that the note and parol testimony established a right in the plaintiffs to recover the amount specified in the note, with the interest, rendered a judgment against the defendant for that sum.

It was contended, in behalf of the plaintiffs in error, on the argument, that the note was frivolous, or at best, a wagering contract which the law would not enforce; that even admitting it to be valid, the sum mentioned in it was to be considered in the nature of a penalty, and that the plaintiffs could in no event recover more than compensation for the damages they had sustained by the nonperformance of the condition.

On the other hand, it was urged that the note was a valid contract, and on its face purported to have been given for a valuable consideration; that the sum mentioned in it was not to be regarded as a penalty; but that the defendant admitted in the note itself, he had received that sum from the plaintiffs and agreed to repay it, on a contingency which depended upon his own act; and that the proof showed the contingency had happened.

The principal question involved in this case is one of difficulty, and the cases bearing upon it, in this country and in England, are so contradictory that they cannot be reconciled. Many of them are cited in Sedgwick on the Measure of Damages, page 451, note.

We give no opinion upon it, as we are satisfied that the judgment must be reversed and a new trial granted for an error

of the circuit judge, in refusing a new trial upon the ground of newly discovered evidence.

The bill of exceptions shows that the plaintiff in error made a motion for a new trial, founded on his own affidavit and that of one John Thomas.    The affidavit of the plaintiff in error sets forth the fact, that after the trial, he discovered material testimony going to the merits, and that the said Thomas is the witness by whom the facts are to be proved.

The affidavit of Thomas sets forth the facts which he is willing to depose, and upon looking into it, we are satisfied that the facts set forth are material, and such as to require a new trial to be had.

The judgment must therefore be reversed and a new trial ordered.