JAMES CAVENAUGH, Plaintiff in Error,

*vs.*

GILES H. TITUS, Defendant in Error.

ERROR TO MARQUETTE CIRCUIT COURT.

Motions made in the progress of a cause and the ruling of the court thereon, are not properly a part of the record unless made so by bill of exceptions.

The decision of a motion which necessarily determines the cause if properly made part of the record, is so much in the nature of a final judgment that a writ of error will lie thereon.

It is error to render a judgment of nonsuit for irregularity in taking an appeal.

An appeal lies from the judgment of a justice of the peace, by the plaintiff, in case judgment be rendered against him, where the amount claimed is over $50, and the proper affidavit be made.

Section 2, of chapter 34 of Session Laws of 1855, supplies the *casus omissus* in chapter 88 of the Revised Statutes on the subject of appeal.

Although the material facts sought to be reviewed will not be noticed unless made a part of the record by bill of exceptions, yet the court will look into the record proper and pass upon any matters assigned for error thereon.

If an appeal be irregular the proper course is to dismiss the appeal, not the action.

THIS was an action of assumpsit tried before a justice of the peace where judgment was rendered against the plaintiff, the present plaintiff in error, for costs; whereupon the plaintiff appealed to the Circuit Court, where, on motion, the action was dismissed for alleged irregularity in taking the appeal. The opinion of the court contains a full statement of the facts in the case.

*Alvah Hand*, for the plaintiff in error.

*By the Court*, SMITH, J. This was an action of assumpsit, brought by the present plaintiff in error, against the present defendant in error, before a justice of the peace of Marquette county, for work and labor, claiming $83.

The statement of the cause of action was oral, for work and

labor. The defendant pleaded the general issue, with notice of special matter.

The justice, upon the hearing before him, rendered judgment against the plaintiff for costs; from which he appealed to the Circuit Court.

At the March term of the Circuit Court, 1856, the attorney for the defendant moved the court, " to dismiss the cause for reasons on file," " which motion is granted by the court." What these reasons " on file " were, nowhere appears in the record proper. The clerk has copied the motion, and sent such copy up with the papers: but there is no bill of exceptions by which the motion and the ruling of the court thereon is brought to and made a part of the record, nothing on the record to show that the particular grounds of the motion were brought to the attention of the judge, or that his ruling thereon was excepted to.

It is apparent that such a mode of reviewing the cases decided by the Circuit Courts would be grossly unjust to the judges thereof, and we cannot countenance such practice. It is true, indeed, that the decision of this motion disposes finally of the case, and we have held repeatedly that such decisions being in the nature of a final judgment, would sustain a writ of error, and were subject to review in that form. But we have not held that it was unnecessary to place fully and fairly such decisions upon the record, by bill of exceptions, duly settled. This is alike due to the judges who may have determined the case, the parties interested in its review, and to the court whose duty it is to pass in review upon the proceedings of the court below.

From the record presented in this case it appears quite probable that the attention of the court below was never called to the particular " reasons " for the motion placed on file, or to the form of the entry of the judgment thereon, which would have necessarily been the case had a proper bill of exceptions been tendered to, settled and signed by him. Although motions like this, to dismiss the appeal or the case, if sustained, finally dispose of the case, and such determination will sustain a writ of error, it by no means follows that they are a part of the record proper. On the contrary, they can only be made so by bill of

exceptions, duly settled, and allowed by the judge. This he has a right to require, and simple justice suggests an adherence to this salutary practice. If a clerk be permitted to send up a copy of every motion put on file by him in the progress of a cause as a part of the record of the court therein, many of which have never passed under the eye of the judge, not only will great confusion result, but injustice be done, not to the court only, but to the parties themselves.

But although we have made the remark we have, yet we are bound to look into the record of the judgment rendered, and see whether or not it is sustained thereby. In doing so, as well in review of the record proper, as to settle the practice in similar cases, we have looked into the motion, as well as the form of the judgment thereon.

It appears from the record in the case, that the appeal was duly entered in the Circuit Court, when the attorney for the defendant moved the court "to dismiss said action and take no further cognizance thereof, because he says, that the said James Cavenaugh, the plaintiff and appellant, did not recover any judgment for any sum of money, or other thing, in the court below; but that the said defendant recovered judgment for his costs; and also to dismiss the cause, for the insufficiency of the affidavit for the appeal, and other deficiencies and irrregularities in the records and files of this court."

The following is the judgment rendered: "Whereupon it is considered and adjudged, by the court, that the said plaintiff take nothing by his said suit, but that the said defendant do recover of the said plaintiff his costs and charges by him made in his said suit, in that behalf expended, and that he have execution therefor."

The affidavit for appeal is in the following words, after the title of the cause and court: "Mathew Coleman being duly sworn, says, that the appeal in the above entitled suit is made in good faith, and not for the purpose of delay; and that the said James Cavenaugh has a valid claim against the opposite party of more than fifty dollars, as set forth in his pleadings in the above entitled suit."

No objection is taken to the form or substance of the recognizance.

The judgment rendered in the case is one of nonsuit, and is clearly irregular, and is one of those mistakes of the clerk which frequently occur. If the motion is good for anything, it is only for the dismissal of the appeal; but it is not good even for that.

In the Revised Statutes on the subject of appeals from the judgment of a justice of the peace, there was a *casus omissus* which the courts could not supply. But chapter 34 of the Session Laws of 1855, § 2, supplies this omission, and the affidavit in this case is conformable thereto. The judgment appears to have been based upon the motion, and is wrong. The affidavit is sufficient, and if no other cause of dismissal or nonsuit appears, the suit and appeal ought to have been entertained by the Circuit Court.

The judgment of the court below is reversed, and the cause is remanded for further proceedings according to law.