EUCLID WORDEN, Appellant, Impl'd with D. G. POWER,

*vs.*

ANDREW MITCHELL, Respondent.

.APPEAL FROM MILWAUKEE COUNTY COURT.

The endorser of a promissory note may waive demand and notice, either during the currency of the note, or after the maturity of the same.

When the endorser of a promissory note, voluntarily waives demand and notice of non-payment of note at maturity, and postpones such demand until a day certain, he is estopped from objecting, that demand and notice were not made at the maturity of the note.

Such agreement or waiver is not within the statute of frauds, and may be made by parol, and is binding upon both parties.

An agreement by the endorser to extend the time for demand, and notice of dishonor is not a new contract, but only a waiver of a preceding liability.

When the time for demand and notice of a promissory note is extended by the endorser to a day certain [beyond the time of maturity, demand and notice should be made on such day.

A notice of protest sent by a notary, through the post office, when the party to be charged resides within two miles of the residence of the Notary, is insufficient under § 61, chap. 9, R. S. 1849.

This was an action commenced in the county court of Milwaukee county, by the respondent, Mitchell, against Worden, the appellant, and David G. Power, the former as endorser, and the latter as maker of two several promissory notes, one for $266.67 eighteen months after date with interest at eight per cent. per annum, dated 20th day of March, 1855 ; and the other payable twenty-five months after the same date, for the same amount, with like interest, both payable to the said Euclid Worden or order. The complaint further alleges that the defendant, Euclid Worden, afterwards for value received, endorsed the said notes and the same were thereupon, on the 24th day of January, A. D. 1857,

transferred to the Fifth Ward Gas Light Company. That at the time of said endorsement and transfer of said notes, it was stipulated and agreed by and between the said Euclid Worden and the said Fifth Ward Gas Light Company, one of the notes at that time being over due and unpaid, that payment should not be demanded of the said David G. Power until the first day of July, A. D. 1857, and that notice of non-payment need not be served until the first day of July upon the said Euclid Worden, and that said notes were sold with that express stipulation and reservation, and that on the 28th day of January, A. D. 1857, said notes were for value received, assigned and transferred by the Fifth Ward Gas Light Company to the said plaintiff, Andrew Mitchell, with the same reservation and agreement as made by and between the said Euclid Worden and the Fifth Ward Gas Light Company.

That payment of said notes was duly demanded on the said 1st day of July, A. D. 1857, and the same were thereupon duly protested for non-payment, and notice thereof was duly given to the said endorser, the expenses of which protest was the sum of three dollars.

That said defendant, David G. Power, on the third day of November, A. D. 1856, paid the said Euclid Worden the sum of one hundred and eight 26-100 dollars being paid before the said endorsement. That the remainder of said notes have never been paid and are now due, and that said defendants are justly indebted to the plaintiff therefor.

And the plaintiff further says, that he is now the lawful owner and holder of said notes, and that the defendants are and each of them is indebted to him therefor in the sum of five hundred and thirty-three dollars and thirty-four cents principal, together with interest, &c.

The defendant, Power, made no appearance. The defendant, Worden, appeared and answered, admitting the execution of the notes as set forth in the complaint; that the con-

sideration of the notes was the conveyance by said Worden and wife to said Power, of their interest in certain lots in the fifth ward of the City of Milwaukee, on which Power executed a mortgage to secure the payment of said notes.

The answer further states :

That said Gas light Company at the time of sale of the notes hereinafter set forth, had or pretended to have a claim against this defendant, upon which they had brought suit, and the said Power (one of said notes being then due, made an arrangement with said company, as he informed this defendant, and as this defendant believes) that they would take said mortgage and notes in satisfaction of said claim and suit at their own risk ; to which arrangement this defendant assented, and did, on or about said 24th day of January, A. D. 1857, execute a formal assignment of said mortgage to said company, and wrote his name on the back of said notes.

That the placing of the name of this defendant upon the back of said note was not for the purpose of endorsing, but simply of passing title to said notes.

That this defendant never received proper or legal notice of their presentment to said Power, and his refusal to pay said notes, and believes and so charges that said notes were not presented to said Power for payment, until long after the last one became due, to wit: on the 1st day of July, A. D. 1857.

That this defendant is informed and believes that said company voluntarily extended the time of payment of said note by agreement with said Power, and without consulting with this defendant, to said July 1st, A. D. 1857.

That it was never stipulated or agreed between this defendant and the said company, that payment of said note should not be demanded until the first day of July, A. D. 1857, or until any other time, but it was understood by this defendant that he was in no case responsible for the payment of said note or any part thereof.

That this defendant knows nothing except by information from said plaintiff of the endorsement to him of said note as set forth in the complaint, and calls for proof.

And this defendant prays for judgment and his costs, &c.

On the trial in the county court, the plaintiff offered in evidence the two notes described in the complaint, and also two certificates of protest, to the effect that Levi Burnell, a notary public, residence in the city of Milwaukee, on the first day of July, 1857, at the request of the plaintiff, presented said notes for payment to said Power, which being refused, he protested the same; and on the same day, he placed a notice of said protest in the post office in the city of Milwaukee, directed to said Worden in the city of Milwaukee, which were objected to by the defendant. The ojection was overruled, and the defendant excepted.

The other facts in the case as found, are substantially stated in the opinion of the court, as are also the points made by counsel, and the instructions given by the court below.

*Emmons & Van Dyke,* for the Appellant.

*Brown & Ogden,* for Respondent.

*By the Court,* COLE, J.   Upon the trial of this cause the county court gave the jury the following instruction, which was excepted to by the appellant. "That if in this instance they should find that the defendant assented to a postponement of the time in which the notes were to be presented as alleged in the complaint, it would amount to a waiver of presentment and notice, at the time when such presentment and notice would otherwise have been necessary and would bind the defendant to a waiver, but would not bind the plaintiff to perform his part of the agreement and he would not be bound

to give notice at the time when by the parol agreement the notes were to be presented."

In the complaint the respondent in effect alleged that at the time of the indorsement and transfer of the notes upon which the action was brought, it was stipulated and agreed by and between the endorser, Worden and the Fifth Ward Gas Light Company, one of the notes at the time being overdue and unpaid, that payment should not be demanded of the maker, David G. Power, until the 1st day of July, 1857, and that notice of non-payment would not be served until the said 1st day of July, upon the appellant, and that the notes were sold with that express stipulation and reservation, and were transferred by the gas light company to the respondent with the like reservation and agreement.

The appellant in his answer substantially alleges that the company voluntarily extended the time of payment of the note to the 1st of July, by agreement with Power, and without consultation with him, and denies that it was stipulated and agreed between him and the company that payment should not be demanded until that time or any other time, but states that it was understood by him that he was in no case responsible for the payment of the note or any part thereof.

The indorsement of a note in contemplation of law amounts to a contract on the part of the indorser to the effect, among other things, that when duly presented, if it is not paid by the maker; he, the indorser, will, upon due and reasonable notice given him of the dishonor, pay the same to the holder. *Coddington vs. Davis*, 3 Denio 16; Story on Prom. Notes, § 135. But there are numerous authorities to show that an indorsee may waive demand and notice, either during the currency, or after the maturity of the note. (See Edwards on Bills and Promissory Notes, pp. 633, 4, 5; Story on Bills of Exchange pp. 360, 438, §§ 317, 371. *Burgh vs. Legge*,

4 M. & W. 418. *Burce vs. Lyttle,* 13 Barb. S. C. R. 163,) and such we suppose is the law upon this subject.

Although there was considerable conflict of testimony upon the point, yet we shall assume that the evidence in the case did clearly show that the allegation of the complaint was fully sustained, and that the appellant indorsed the note to the Gas Light Company with the distinct understanding and agreement that payment thereof should not be demanded of the maker until the first day of July following; still, in view of the authorities and according to our construction of the effect of the agreement, we think the instruction of the court above cited, erroneous.

The instruction proceeds upon the assumption that if there was a waiver by the appellant, of demand and notice at the time when a demand and notice would otherwise have been necessary it was not incumbent on the respondent to show that the note was actually presented for payment on the 1st day of July, and notice of dishonor then duly given to the appellant. The appellant having consented that payment should not be demanded until the 1st of July, was most unquestionably estopped from objecting that demand and notice were not made when the note fell due. The holder of the note might well have acted upon the understanding that the note was not to be presented when due but upon the 1st day of July, thereafter. And it would therefore be most unjust in the face of this understanding to permit the appellant to insist that he cannot be charged as indorser on account of the omission of the holder to demand payment of the maker when due, and for want of proper notice of non-payment. It was insisted by the counsel for the appellant, that the agreement to waive demand and notice was within the statute of frauds and that the contract, as well as the consideration for such waiver, must be in writing. We do not, however, take that view of the matter. A waiver of demand and notice made

by an indorser, is not, in our opinion, a new contract, but only a waiver absolutely or in part of a condition precedent to his liability. (*Taunton Bank vs. Richardson*, 5 Pick., 436; *Barclay vs. Weaver*, 19 Penn. State R. 396.) If the indorser consents that demand shall not be made when the note falls due, he certainly by every principle of law and common justice, ought to be estopped from taking advantage of an omission to present it for payment at that time. In the case at bar we do not understand that the appellant waived absolutely demand of the maker and notice of dishonor, but that payment should not be demanded until the 1st day of July, and that notice of non-payment should *then be given*. It will not be pretended that there was any proper notice given the appellant of the presentation and dishonor of the note on the 1st day of July. It appears that payment was demanded of the maker upon the 1st day of July, and that the note was presented by a notary (public) on that day. The notice of demand and dishonor was however sent to the appellant through the post office, instead of being personally served as required by section 61, chap 9, R. S., when the notary resides within two miles of the residence of the indorser. The notice was clearly insufficient to charge the appellant. We think he was entitled to have payment demanded of the maker on the 1st day of July, and to a legal and proper notice of the non-payment. The county court charged that it was not necessary for the respondent to show that he gave notice at the time when, by the parol agreement, the notes were to be presented for payment. In this we think there was error.

The judgment of the county court must be reversed and a new trial ordered.