## DUNBAR vs. HOLLINSHEAD.

### APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

Heard July 16, 1859.]                    [Decided February 7, 1860.

*Bill of Exceptions—New Trial—Error—Appeal—Orders.*

No bill of exceptions is necessary to enable this court to review proceedings upon an appeal from an order.

Exceptions are only necessary when the appeal is from a final 'judgment, and a review of an intermediate order is sought.

A writ of error at common law only lay for matters apparent on the record. Hence, exceptions were introduced, and their office is to place on the record alleged errors which could not otherwise appear.

Sections 16 and 20, of chap. 132, R. S., relating to exceptions, apply to appeals from final judgments, and not to cases where a party desires to exercise the right of appeal for the purpose of reviewing the decision upon a motion not in the nature of a final judgment. And section 5, chap. 139, is consistent with this rule.

A motion for a new trial cannot be made upon the minutes of the judge taken on the trial at a previous term of the court, under section 16, chap. 132, R. S., such motion is restricted to the term at which the trial took place.

A party seeking a new trial on the ground of newly discovered evidence, must produce the affidavits of the witnesses themselves, or satisfactorily show why he cannot do so.

This was an action of replevin, commenced by Hezekiah Dunbar against James W. Hollinshead, for a steer, in which verdict and judgment were given for the plaintiff. At the next term of the court the defendant made this motion for a new trial, founded on the affidavit of the defendant, and on the minutes of the judge taken at the trial, of the evidence of five witnesses. The motion was granted, and the plaintiff appealed. The other facts may be gathered from the opinion of the court.

*Smith & Ordway*, for the appellants.

*Francis Hamilton*, for the respondent.

*By the Court*, DIXON, C. J.   This is an appeal from an order of the circuit court, granting a new trial.   In it there is

presented a preliminary question of practice. It is whether in cases where an appeal to this court is given from an order of the circuit court, an *exception* to such order is necessary, for the purpose of enabling this court to review it. The practice of making and settling a bill of exceptions in such cases, has, to a considerable extent, prevailed ; but the question here raised has not, as we are aware, been directly passed upon by this court. The decisions of this court, which most nearly relate to this question, are to be found in those cases where it has been held that on appeal from a *final judgment,* no intermediate decision of the circuit court upon a motion can be reviewed, unless such decision was excepted to and incorporated in the bill of exceptions. This has been determined since the adoption of the code in the cases of *Williams vs. Provost,* 7 Wis., 165, and *Sayre vs. Langton,* id., 214. It was so determined before the code was adopted, in the case of *Cavanaugh vs. Titus,* 5 Wis., 143. Such has always been the practice in this state. These were all cases of appeals from final judgments. Although *Williams vs. Provost,* and *Cavanaugh vs. Titus,* were brought here from the decisions of the circuit courts upon a motion to dismiss appeals taken from judgments of justices of the peace, yet in the latter case it was expressly said that such decisions were in the nature of final judgments, and as such would sustain and could be reviewed upon a writ of error; we, therefore, propose here briefly to examine the question upon what appears to be its merits.

At common law a writ of error lay for an error apparent in the record, or for an error in fact, where either party died before judgment. It did not lay for an error in law not appearing in the record, and hence where the plaintiff or defendant alleged any thing *ore tenis,* which was overruled by the judge, this could not be assigned. It was not an error appearing upon the record, nor an error in fact, but in law,

and the party aggrieved by it was without a remedy. Bacon's Abr. Title, "Bill of Exceptions," vol. 1, 788. To obviate this evil the statute of Westminister, 13 Ed. I., was passed, authorizing the parties to allege exceptions, and requiring the justices to allow and put their seals to them when they became a part of the roll. The practice of allowing exceptions had its origin under that statute of which all subsequent statutes have been substantially copies. Our own statute, of 1849, section 12, of chap. 104, revived, and now in force by chap. 61, Laws of. 1858, as to all cases tried by jury is very nearly the same thing. Exceptions were introduced to place upon the record alleged errors which could not otherwise appear, and such has ever been their office. In no other case are they necessary. *Mackie's Heirs vs. Thomas,* 7 Wheat., 532; *Button vs. Gibbon,* 7 Halstead, 76.

In this last case it was said that "a bill of exceptions taken on the argument and decision of a demurrer was a novelty in practice, and wholly unauthorized." The same remark would be true when applied to a demurrer under our present sytem of proceedings and practice. The whole matter appearing already of record, no exception would be necessary. It would add nothing to the record which would not appear without it. It seems to us that the same is true in the case of an appeal from an order, and that in the absence of a statute requiring it, this court cannot do so.

The only provisions for exceptions other than those above referred to, are contained in section 16, and 20 of chapter 132 of our present Revised Statutes. Both these sections plainly relate to exceptions taken and settled for the purpose of an appeal from a final judgment, in cases where there has been a trial of questions of fact by the court or a jury, and not to cases where a party desires to exercise the right of appeal for the purpose of reviewing the decision of the court upon a motion where such decision is not in the nature of a final

judgment. It is also very evident, from the return which is required to be made to appeals in such cases, that no bill of exceptions is contemplated. It is provided, in section 5 of chap. 139, that "on an appeal allowed from an order by this chapter to the supreme court, the clerk, with whom the notice of appeal is filed, and the order entered, shall forthwith transmit to the supreme court a certified copy of the order, the notice of appeal, and the papers upon which the appeal ' order ' was granted." This is the only return prescribed by law, and the one here made being regular in this respect, we cannot refuse to act upon it.

The order granting a new trial must be reversed. So far as it was made on the minutes of the judge taken upon the trial, had at a previous term of the court, it was irregular and unauthorized. Section 174 of the code, of which section 16 of chap. 132 is a copy, provided that in actions thereafter tried, such motions could only be heard at the same term or circuit at which the trial took place. If made afterwards, they must be upon a case, or exceptions made and settled.

The affidavit of newly discovered evidence, is clearly insufficient. The party seeking a new trial on this ground, must give the court the best evidence possible of the truth of the allegations. In order to do this, he must produce the affidavits of the witnesses themselves, or satisfactorily show why he cannot do so. In this case no reason or excuse, whatever, for their non-production, is offered. The strict observance of this rule is indispensible, in order to guard against unfounded applications. The respondent in his affidavit says that he has disclosed to his counsel the facts which he *expects* to prove by the newly discovered witnesses, and that they will testify to such and such things. This is, at best, but mere hearsay. " The information," says Mr. Graham, " must come directly from the newly discovered witnesses, so it may appear just what they know, and to what they are

ready to testify.    This, besides being in accordance with the well known rule of law that requires the best evidence, also prevents prevarication, by binding the witnesses to state only what they are prepared to swear to at the trial.    Affidavits are required, as well that the statements may be made with proper deliberation, as that they may come supported by the solemn sanctions of a judicial oath."    This rule has been established in the following cases : *Sheppard vs. Sheppard,* 5 Halstead, 250; *Mann vs. Clifton,* 3 Blackf., 304; *Bright vs. Wilson,* 7 B. Mon., 122; *Giles vs. The State*; 6 Geo., 276; *Saggs vs. Anderson,* 12 id., 461; *Howe vs. Sproul,* 2 How. Miss., 772.    Such has been the practice of this state, *Blood vs. Whitman,* 3 Chand., 54.    Neither of these questions arise out of matters resting in the discretion of the court, but are fixed rules of law, which must invariably be complied with.

The order of the circuit court must, therefore, be reversed.