WILLIAM JONES, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The better practice in the examination of veniremen upon their *voir dire* is to permit the questions to be asked by the counsel in the case; still there is nothing in the statute upon the subject to prohibit the court from exclusively burdening itself with the entirety of such examination if it sees fit to do so.

2. A map was admitted in evidence w thout objection by the defendant, but after it had been admitted he moved to strike it out. The court struck it out partially, and after further reflection, with reasonable promptess, struck it wholly out of evidence: *Held*, that the evidence not having been objected to, was re-

19

ceived by consent, and error can not be predicated upon its receipt, and that a party cannot complain of evidence being stricken out upon his own motion.

3. When the evidence upon which it is predicated is stricken out, there is nothing to which cross examination is applicable, and error cannot be founded upon a refusal to allow such cross-examination.

4. A new trial should not be granted merely to afford the defendant an opportunity to show that one of the State's witnesses has made statements inconsistent with his testimony at the trial.

5. The rule excluding hearsay evidence has application to affidavits upon motions for new trials as well as other legal proceedings. It is not sufficient for a defendant in a motion for a new trial upon the ground of newly discovered evidence to state what was told him by his counsel, as having been told the counsel by some other person. The affidavit of the person who has knowledge of the facts should be offered, or a good reason shown for the failure to offer it.

6 A new trial upon the ground of newly discovered evidence should not be granted upon the unsupported affidavit of the defendant.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the Court.

A. M. Michelson, for Plaintiff in Error.

The Attorney–General, for Defendant in Error.

LIDDON, J.:

The plaintiff in error was convicted in the Circuit Court of Duval county of the murder of one Florence Jones by stabbing her with some sharp instrument, and sentenced to death. We consider the errors assigned in their order. When a venireman named Hoover was called for examination upon his *voir dire* the presiding judge examined him and announced that he was qualified. The counsel for the defendant then

asked permission of the court to examine the juror. The court would not permit such examination by counsel. Counsel for the defendant then handed the judge a written list of questions that he desired asked of the venireman, and the court complied with the request and asked the questions requested. The record shows that this venireman was not sworn upon the jury. Whether he was challenged or pronounced disqualified upon further examination does not appear. The ruling of the court refusing to permit counsel to interrogate this juror, and conducting the examination itself upon interrogatories prepared by the defendant's counsel, is the basis of the first assignment of error. The question raised by this assignment has already been settled in this State in the case of Pinder vs. State, 27 Fla. 370, 8 South. 837. The court there held that under our statute while the better practice was to permit examination of veniremen upon their *voir dire* by the counsel in the case, still there is nothing in the statute to prohibit the court from exclusively burdening itself with the entirety of such examination if it sees proper to do so. As this court has, however, announced that the better and more prevalent practice is to permit such examinations to be made by the counsel in the case, the Circuit Courts should conform to such method.

The second assignment is predicated in admitting in evidence a map made by one F. O. Nichols. An examination of the bill of exceptions contained in the record shows that F. O. Nichols, a witness for the State, testified that he was a civil engineer by profession, and had made a diagram or map of certain streets and points in the city of Jacksonville, and that such diagram was a correct one. The diagram was then submitted in evidence without any objection from the

defendant; and counsel for the State and defendant both made elaborate examination and cross-examination and re-direct examination and re-cross-examination as to distances and direction of points and localities indicated by the same. When these lengthy examinations were concluded the hour for the recess of the court for dinner had about arrived. The counsel for defendant then moved to strike the map from the case on various grounds. Two points indicated by the map or diagram had been shown by other testimony to be correctly located. The other points were located by Dr. Nichols, upon information not shown except by hearsay testimony in the case to be correct. The Circuit judge held that the map was admissible as to the two points shown by the testimony to be correctly located, but only to that extent, and instructed the jury that all other testimony about the map was ruled out, and that they should not be considered by them. After other slight examination and cross-examination of the witness Nichols the court adjourned until 2 p. m. Immediately upon the assembling of the court at 2 p. m. the judge announced that the motion to strike the map from the evidence was granted. No injury has resulted to the defendant by this ruling. The map was admitted without objection. When the defendant's counsel reached the conclusion that it was not favorable to his client, he moved the court to exclude it. The court granted his motion; he gained his point. It was not excluded when offered because defendant did not ask to have it excluded. From his making no objection to the testimony the court inferred that he desired it offered to the jury. It was evidence received by consent of parties. The court struck it out with reasonable promptness after it was requested so to do. If one desires to object to the introduction of improper evidence

he should do so when it is offered. After the court had ruled that the Nichols map or diagram was admissible in evidence as to the two points located by the testimony, and before its ruling excluded it altogether, the counsel for the defendant asked the witness Nichols to take a sheet of paper and make a map indicating the two points which the court had decided to be in evidence. The State Attorney does not seem to have objected and the record is very indefinite as to the ruling, if any, made by the court upon this subject. Admitting, however, that an adverse ruling was made, it could not have harmed the defendant. The request for a map to be made by the witness Nichols was in the nature of a cross-examination upon his testimony as to the map made by him, and which as to two points of locations had been decided by the court to be properly in evidence. The court adjourned for dinner immediately after this request of defendant's counsel and immediately upon reassembling struck out the whole map. The evidence upon which the question on cross-examination was predicated being stricken out, the cross-examination also went out with it. There was no evidence before the court to which such cross-examination was applicable.

The fourth and last assignment of error is that the court erred in refusing the defendant's motion for a new trial. This motion was upon the usual grounds that the verdict was contrary to the evidence and the charge or the court, of errors in the rulings of the court as set forth in the other assignments, and upon the further ground of newly discovered evidence. The only showing made upon the ground last stated was an affidavit of the defendant as follows:

STATE OF FLORIDA, ⎱ ss.
COUNTY OF DUVAL. ⎰

Before · the subscriber personally came William
Jones, who being duly sworn, says that since the trial
of said cause, one J. N. Stripling voluntarily informed
the attorney of this affiant that William Thompson, a
witness for the State in the above cause, has made a
statement to him, the said J. N, Stripling, two or three
days after the alleged murder of Florence Jones, that he,
the said William Thompson, was within about twenty-
five feet of the alleged place of said homicide, when he
was first attracted by the cries of the woman; that he
approached somewhat nearer and saw a man astraddle
of a woman beating her, but he did not know either·
the man or the woman, and that the said J. N. Strip-
ling is ready to so testify under his oath; and this af-
fiant further says that he had no previous knowledge
of the existence of the above testimony, neither did he
hear said Thompson so testify before the coroner's in-
quest in said cause, but that said statement of said
Thompson is materially opposed to the testimony given
by him at the trial of said cause; this affiant further·
says that he is informed and believes that a part of said
statement of said Thompson to said Stripling was made·
by said Thompson before the coroner's inquest, but·
said affiant is informed and believes that his counsel
was unable to secure the transcript of the testimony
taken before the said coroner or to get access to the·
said because of the refusal of the State's Attorney until
the above cause was actually · on trial; that pending·
the trial of said cause, said testimony was constantly
used by the State's Attorney and his associate counsel;
that this affiant's attorney had no opportunity to pe-
ruse the same, it being very voluminous, nor could he·
do so while attending the trial of said cause, and this·

affiant says that said testimony of said J. N. Stripling is material to the issue in said cause, and we believe that the same would secure a different verdict for this affiant.

(Signed.)  WILLIAM JONES.

Sworn to and subscribed before me this 10th day of December, 1894.

(Seal.)  N. A. HULL, Clerk.

This affidavit presented to the court only the merest hearsay evidence, and in many respects is wholly insufficient to justify the court in granting a new trial. If the other objections could be waived, and the merits of the matter considered, the court should not have granted a new trial merely to afford the defendant an opportunity to show that one of the State's witnesses has made statements inconsistent with his testimony at the trial. Shields vs. State, 45 Conn. 265. The rule excluding hearsay evidence has application to affidavits upon motions for new trials as well as other legal proceedings. It is not sufficient for the defendant to state what was told him by his counsel as being told the counsel by some other person. The affidavit of Stripling himself, who had knowledge of the facts, should have been offered, or a good reason shown for the failure to offer it. Glasscock vs. Manor, 4 Tex. 7; White vs. Wallen, 17 Ga. 106. In the case of Smith vs. Cushing, 18 Wis. 310, the court says: "It is true, in general, as decided by this court in Dunbar vs. Hollinshead, 10 Wis. 505, that the party asking a new trial on this ground must give the court the best evidence possibly of the newly discovered testimony, that is, the affidavits of the newly discovered witnesses themselves to the facts to which they are ready to testify. But this rule is not without its exceptions, wisely adopted to meet the exigency of cases where a

compliance with it becomes impossible. As was observed in that case, "he must produce the affidavits of the witnesses themselves, or satisfactorily show why he can not do so." To same effect are Bright vs. Wilson, 7 B. Monroe, 122; Strader vs. Goff, 6 W. Va. 257; Mann vs. Clifton, 3 Blackf. 304; Suggs vs. Anderson, 12 Ga. 461; Shields vs. State, *supra;* Shepherd vs. Shepherd, 10 N. J. Law, 250.

In the case at bar no reason whatever was shown for not offering the affidavit of Stripling. The rule above stated, owing to the great temptation to false swearing on the part of those who have been convicted of serious criminal offenses, has special application to affidavits made by defendants in such cases in their own behalf. Speaking upon a similar state of facts, the Supreme Court of Georgia says: "One capital defect in this showing is, that the defendant swears that a third person informed him that he was told, etc. Why did he not produce the affidavit of James Youmans, his informant? Upon such a statement as this, no man ever would be hung, or imprisoned, or otherwise punished. Who could not get a friend to inform him (not under oath) what another would prove? The prisoner need not *procure* such a communication to be made—it would be voluntarily tendered." Giles vs. State, 6 Ga. 276. See also State vs. Kellerman, 14 Kansas, 135.

Upon the subject of newly discovered evidence, the court had nothing but the bare affidavit of the defendant. If a defendant could by his own unsupported affidavit of newly discovered evidence secure a new trial, it would soon be found that verdicts of guilty rest upon very slippery foundations.

We have carefully examined the evidence in the record. Without setting it out it detail, or even the salient points, it is sufficient to say that it warranted the verdict of the jury.

There is no error in the record, and the judgment and sentence of the Circuit Court is affirmed.