HAZEL JOHNSON, alias Hazo Johnson, Leander Jackson and Azariah Jackson, v. STATE.

184 So. 653.
Division A.
Opinion Filed November 17, 1938.

*Sidney J. Catts, Jr.,* for Plaintiff in Error;

*George Couper Gibbs*, Attorney General, and *Tyrus A. Norwood*, Assistant Attorney General, for the State.

THOMAS, J.—In this case two questions are presented to the Court for determination, *id est*, whether the defendants were so intoxicated at the time of the alleged offense that they could not entertain an intent to commit the crime, and second, whether the trial court showed an abuse of discretion in denying a motion for new trial based on the ground of newly discovered evidence.

Briefly, the testimony discloses that the defendants were parked in their car beside the road and were taken into custody by the State witness, a deputy sheriff. After they had proceeded but a short distance, the defendants overpowered him, rifled his pockets, took from him a gun, watch and knife, placed a blindfold over his eyes and restrained him for a period of several hours.

The period of activity on the part of the defendants, extending from about eleven-thirty at night until four o'clock the following morning, belies the position taken by them that they were so under the influence of intoxicating liquors that they were unable to form any intent to commit the crime of armed robbery. During this time they committed the assault and drove a car several miles. After driving the car into a ditch they sought and obtained chains with which to extricate it. Upon failing in the accomplishment of that, they secured other chains in the neighborhood and a negro to help them. They finally released the car, returned their helper to his home, removed the deputy sheriff to the wood and tied him to a tree.

There is nought in the testimony to show any imbibing by the defendants while they were in the presence of the deputy sheriff. The defendants based their contention on the statement of the State's witness that they were drunk when he apprehended them after a pursuit of five miles.

The court charged the jury with reference to their duty to reconcile the testimony of all the witnesses if possible, and, if not, their privilege of believing such witnesses as they thought were entitled to credence. Considering the statements of the witnesses for the State, as well as those of the defendants themselves, we reach the opinion that there is real basis for the conclusion of the jury that the defendants were in sufficient possession of their mental faculties, unimpaired by the effects of strong drink, to form an intent to commit armed robbery.

The motion for a new trial, sworn to by the plaintiffs in error, set out that the watch, alleged to have been taken from the person assaulted, was subsequently found at the scene of the assault, and that therefore the trial judge should have granted the motion because of newly discovered evidence.

It seems to be established beyond question by the decisions of this Court that such a motion should be denied when based solely on the affidavit of the defendant. In the instant case there were no supporting affidavits, hence the Judge of the Circuit Court did not commit error when he entered his order refusing the defendants a new trial. See Jones v. State, 35 Fla. 289, 17 South. Rep. 284; Nickels v. State, 86 Fla. 208, 98 South. Rep. 497.

The judgment of the lower court is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.