## JEFF BROCK v. STATE.

190 So. 502
Division A
Opinion Filed July 7, 1939
Rehearing Denied July 27, 1939

*Clyde R. Brown,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—The evidence in this case has been read and though in some of its aspects it is conflicting, sufficient proof appears to warrant a verdict of guilty.

The motion for new trial on the ground of newly discovered evidence was properly denied because substantiated only by the affidavit of defendant. Jones v. State, 35 Fla. 289, 17 South. Rep. 284; Johnson v. State, 135 Fla. 65, 184 South. Rep. 653.

The judgment is affirmed.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (dissenting).—I am very much impressed with the thought that the trial judge should have granted a new trial, although the motion for new trial did not meet the strict requirements of the rule in such cases.

The defense interposed was an alibi and it was supported by the testimony of all those persons who could be expected to know that the accused was at his home at the time when the offense was shown to have been committed, which was about midnight. The identification of the accused as a participant was by witnesses who testified that they saw him and recognized him in the dark.

After accused was convicted a third party, one Eugene Bryant, stated to Brock and his attorney that he and two others stole and sold the hogs and that he was willing to admit the theft and exonerate Brock. Mr. Brown stated at the bar of this Court that Bryant not only made the statement to him and to Brock but also made the statement not under oath to the trial judge.

We know as a matter of human experience that a guilty person will often remain silent until after an innocent person is convicted and then, heeding the voice of conscience will admit his guilt to prevent the innocent person being punished.

It is better to grant a new trial to be sure that justice is administered than it is to adhere strictly to technical requirements and thereby perpetrate an injustice.

In the strict administration of the law, the trial court committed no reversible error but I think justice demands a new trial and, therefore, think the judgment should be reversed and a new trial awarded.