### HARLEY WOODS v. STATE OF FLORIDA

12 So. (2nd) 111        January Term, 1943
February 19, 1943        Division B
Rehearing Denied March 10, 1943

*Wm. C. Pierce,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

BUFORD, J.:

From a judgment of conviction of unarmed robbery this appeal has been perfected. The appellant has posed three questions for our consideration. By these questions two con-

tentions are advanced. The first is, that the accused was under the influence of intoxicating liquor to such an extent that he was incapable of forming any specific intent to rob. The other is, that the evidence taken as a whole is insufficient.

The record discloses some evidence tending to show that appellant was somewhat under the influence of intoxicating liquor but the evidence on the whole warranted the jury in finding beyond a reasonable doubt that the appellant was capable of forming the specific intent necessary to be entertained at the time of the commission of the crime to be criminally liable for the commission of the offense charged.

Whether or not the appellant was so intoxicated as not to be capable of forming the intent necessary to his conviction was a jury question. The record convinces us that the jury reached the proper and legal conclusion.

In the case of Hamilton v. State, 133 Fla. 481, 182 So. 854, and in the case of Johnson v. State, 135 Fla. 65, 184 So. 653, the defendants respectively relied upon a like contention as is interposed here, but in each case the jury rendered a verdict of guilty and on review this Court affirmed the judgments entered on such verdicts.

The record shows conclusively that Wood with two companions went in the night time to the home of the victim; that they went there for the purpose of robbing him of his money; that they entered the house, assaulted the old man and that one of the party took his money, which was in a pocketbook under a pillow on his bed, and that they all left the house together, leaving the old man in a bruised and beaten condition. They ran away from the house and separated. The man who took the money was never apprehended and the evidence shows that he separated from his two companions in the crime before dividing the spoils with them. This, however, does not relieve the appellant of responsibility for his part in the robbery.

The record discloses no reversible error.

The judgment is affirmed.

So ordered.

BROWN, THOMAS and SEBRING, JJ., concur.