THE STATE OF IOWA v. JONES.

1. INDICTMENT: LARCENY. An indictment for larceny is sufficient if it charges that the breaking and entering was done with intent to

The State of Iowa v. Jones.

commit a larceny, though it is not averred that there was also an intent to take, steal and carry away property of a greater value than twenty dollars.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 22.

THE indictment charges that the defendant on, &c., at &c., "about the hour of two o'clock on the night of the same day, with force and arms, at and in the City of Davenport, in the county of Scott, aforesaid, the dwelling house of Geo. H. French, there situated, feloniously and burglariously did break and enter, with intent, the goods chattles and property of the said French, in the said dwelling house then and there being, then and there feloniously and burglariously to steal, take and carry away."

The defendant was convicted upon this indictment, and on motion in arrest of judgment, it was insisted that the facts charged in the indictment did not constitute a public offense for the reason that the intent with which the breaking and entering is charged to have been done, does not necessarily amount to felony by the law of the State.

The motion in arrest of judgment was overruled by the District Court, and the defendant appeals.

*S. A. Rice,* Attorney General, and *H. O'Conner,* District Attorney, for the State.

*I. D. Patten* for the appellant.

STOCKTON, J.—The question to be determined is whether the indictment should have charged that the offense that the defendant intended to commit was a felony; in other words whether it should have charged that the defendant broke and entered the house with intent to steal, take and carry away goods, &c:, of greater value than twenty dollars. We are of opinion that the indictment is sufficient as it is, and need not allege more than that the defendant intended to commit a larceny.

At common law the intent to commit a felony was necessary to constitute the offense of burglary; but under our statute the offense is made to consist in breaking and entering any dwelling house in the night time with intent to commit the crime of murder, rape, robbery, larceny or any other crime made felony under our laws. If the indictment therefore, charges that the breaking and entering was done with intent to commit a larceny, the conditions of the crime as defined by the Code, section 2612, are fulfilled and the discription of the offense is complete.

The District Court, therefore, did not err in refusing to sustain the motion in arrest of judgment.

Judgment affirmed.