## STATE OF IOWA V. FRANK WATSON, Appellant.

| 102 | 651 |
| .105 | 34 |
| 105 | 173 |
| 102 | 651 |
| 109 | 438 |
| 102 | 651 |
| 117 | 229 |
| 102 | 651 |
| f135 | 486 |

E.idence: REBUTTAL: *Impeachment.* Testimony that defendant, charged with burglary, was seen on the day of the burglary at a certain place is admissible to impeach his testimony that he was never in such place, and also in rebuttal of his claim that he was in another place at or about the time the crime was committed.

SAME. As the burden of proving an alibi is on the defendant, evidence in support thereof may be rebutted.

CROSS-EXAMINATION. The court may, in its discretion, permit the county attorney to cross-examine the defendant, charged with burglary, who takes the stand in his own behalf, at considerable length with reference to his various places of residence, his going under assumed names, and his whereabouts at particular times.

IMPEACHMENT. A witness cannot be impeached by evidence of contradictory statements made out of court unless his attention is called to such statements on his examination.

OWNERSHIP. Proof of occupancy of a building is sufficient to establish an allegation of ownership, in an indictment for burglary.

CONFLICT. Where the evidence as to an alibi was conflicting, the truth of that defense was for the jury.

Indictment. An indictment for burglary charging that the building broken and entered was the office of a certain "company" need not state whether the company is a corporation or partnership.

SAME. An indictment charging defendant with breaking and entering a building with the intent to commit a robbery need not set out the elements of the intended robbery.

SAME: *Burglary.* An allegation in an indictment for burglary that the building burglarized was the office of a certain railroad company was sustained by proof that the building, though not owned by the company was occupied by it, since Code, 1873, section 4302, provides that an erroneous allegation with reference to ownership is not fatal.

Alibi: INSTRUCTION. An instruction cautioning the jury in a criminal trial that an alibi is easily manufactured and the testimony

concerning the same should be carefully considered, is not erroneous.

**New Trial:** NEWLY DISCOVERED EVIDENCE. Newly discovered evidence is not a ground for new trial in a criminal case in Iowa.

**Appeal:** MISCONDUCT: *Record.* Remarks of the trial judge cannot be presented to the supreme court, on appeal, by an affidavit of counsel not made a part of the record by bill of exceptions or otherwise.

**Jury Question.** A criminal case must be submitted to the jury where there is conflicting evidence as to all the facts essential to conviction

*Appeal from Jefferson District Court.*—HON. FRANK W. EICHELBERGER, Judge.

TUESDAY, OCTOBER 5, 1897.

THE defendant was indicted, tried, and convicted of the crime of burglary, and appeals from the sentence imposed.—*Affirmed.*

*W. G. Ross* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

DEEMER, J.—About 1:30 o'clock in the morning of the twenty-second day of November, 1895, two persons broke and entered the depot of the Chicago, Burlington & Quincy Railway Company in the town of Fairfield, Iowa, and robbed two men who were in the ticket office. Defendant was arrested, and, upon trial, convicted of being one of the guilty parties. His main defense was an alibi, and he produced witnesses who testified that he was in the city of Moberly, in the state of Missouri, on the twenty-first and twenty-second days of November, 1895. The jury evidently discredited this testimony, for the trial resulted in a verdict of guilty. The main contention

now is that the verdict lacks support, and is contrary to the weight of the evidence adduced on the issue of the whereabouts of the defendant during the night the crime was committed.  The men who were robbed both gave it as their opinion that defendant is one of the men who perpetrated the offense.  In addition to this, another witness testified to having seen him in the vicinity of Fairfield early in the morning of the twenty-second of November.  Other witnesses testify that they saw defendant at the city of Washington, in this state, on the twenty-second.  Now, while it is true that many of defendant's witnesses testified that they saw him at Moberly at a time when it would have been quite impossible for him to have left there and arrived at Fairfield in time to have taken part in the burglary, yet few, if any, of them, are certain of having seen him later than 2:45 in the afternoon of the twenty-first, nor are any of them very positive of having seen him on the morning of the twenty-second. Defendant could have left Moberly at 2:45 P. M., November 21, and arrived at Fairfield in time to have had a part in the crime.  The conflict in the evidence required the submission of the case to a jury, and with its conclusion we cannot interfere.

II.  The indictment charges that the building broken and entered was "the office of the Chicago, Burlington & Quincy Railroad Company, situated at Fairfield, in Jefferson county."  The proof shows that it was the depot in which was located the ticket office of the Chicago, Burlington & Quincy Railroad Company, and that one of the occupants of the building which was located in Fairfield was the night telegraph operator for that company.  True, there is no evidence that the company is incorporated, nor is there any proof of its ownership of the building.  But this is not required.  Proof of occupancy is sufficient to establish an allegation of

ownership. *State v. Rivers,* 68 Iowa, 611; *State v. Teeter,* 69 Iowa, 717. And it is not necessary to prove the exact status of the owner. *State v. Semotan,* 85 Iowa, 57; *State v. Franks,* 64 Iowa, 39; *State v. Emmons,* 72 Iowa, 265; *State v. Jelinek,* 95 Iowa, 420. Under our statute (Code 1873, section 4302) an erroneous allegation with reference to ownership is not fatal, if the crime is described in other respects with sufficient certainty.

III. Defendant offered to prove that shortly after the commission of the crime one of the witnesses for the state, who was one of the persons robbed, gave or assented to a description of the offenders which did not correspond with the one given on the trial, and did not in fact characterize the defendant.

This evidence was purely impeaching, and, as no proper foundation was laid, was properly rejected. In other words, the witness was not allowed to say whether or not he made any such contradictory statements. If proper foundation had been laid, still the ruling was not erroneous, for the reason that the questions propounded to the witness called for impeaching purposes were not in proper form.

IV. The county attorney was allowed to cross-examine the defendant, who was a witness in his own behalf, with reference to his various places of residence, his going under assumed names, and his whereabouts at particular times, at considerable length. This examination was perfectly proper, and the court did not abuse the discretion vested in it in such matters.

V. During the course of the cross-examination defendant testified that he was never at Washington, Iowa. In rebuttal, the state was permitted to show that he was there on or about the twenty-second day of November, 1895. Complaint is made of this.

We think the ruling was correct. Testimony to the effect that he was at Washington, Iowa, on the twenty-second of November, was not only properly admitted for impeaching purposes, but it was also admissible in rebuttal of defendant's claim that he was in Moberly at or about the time the crime was committed. Under the rule adopted by this court, the burden was upon defendant to establish the alibi, and the state had the right to rebut any showing the defendant made as to his whereabouts at or near the time the crime was committed.

VI. The seventh instruction is complained of. It is almost identical with the one approved in the case of *State v. Blunt*, 59 Iowa, 468, and needs no further consideration.

VII. The indictment charges that defendant broke and entered the building "with the intent then and there to commit a public offense, to-wit, robbery." It is said that the elements of the intended crime are not set out with sufficient detail. This contention is fully met by the case of *State v. Jennings*, 79 Iowa, 513, where we approved an indictment containing almost the exact language as the one at bar. See, also, *State v. Jones*, 10 Iowa, 206.

VIII. The indictment does not state what the Chicago, Burlington & Quincy Railroad Company is. This is not necessary. See authorities cited in the second division of this opinion, and *People v. Henry*, 77 Cal. 445 (19 Pac. Rep. 830); *State v. Shields*, 89 Mo. 259 (1 S. W. Rep. 336); *Norton v. State*, 74 Ind. 337.

IX. Certain remarks said to have been made by the judge are complained of. These alleged statements are attempted to be shown by affidavit of counsel, which was not made part of the record by bill of exceptions or otherwise. We have frequently held that such matters cannot be made

of record in this manner. *State v. Bigelow*, 101 Iowa, 430; *State v. Le Grange*, 99 Iowa, 10.

X. One of the grounds of the motion for a new trial was newly-discovered evidence. That such is not a cause for new trial, see *State v. Cater*, 100 Iowa, 501; *State v. King*, 97 Iowa, 440. If it were, the showing here is not sufficient. There is no affidavit from the witness whose evidence is the basis for the new trial, and no reason is given why it is not produced. *Warren v. State*, 1 G. Greene, 106.

We have examined the whole record with care, and discover no prejudicial error.—AFFIRMED.