W. H. SIMMONS, PLAINTIFF IN ERROR, VS. THE STATE
    OF FLORIDA, DEFENDANT IN ERROR.

1. Property obtained by trick or artifice, or by threats of illegal
   arrest, criminal prosecution, or insinuations against character,
   except they relate to sodomitical practices, is not taken by
   "putting in fear," within the meaning of Section 2398, Revised
   Statutes.
2. Allegations in an information to the effect that Simmons, Tyre
   and Jones, by putting in fear one Rebecca Jackson by then and
   there falsely representing and pretending to the said Rebecca
   Jackson that one of them, to-wit, the said Jones, was then and
   there an officer, to-wit, a constable, and authorized to take her
   furniture, and by then and there threatening to arrest and take
   into custody the said Rebecca Jackson if she resisted them in
   the taking of said furniture, do not show a "putting in fear"
   within the meaning of Section 2398, Revised Statutes.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*W. P. Ward,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

CARTER, J.:

On February 24th, 1898, plaintiff in error was, in the Criminal Court of Record of Duval county, found guilty as charged upon a trial under an information duly filed, charging "that W. H. Simmons, H. M. Tyre and S. S. Jones, of the county of Duval and State of Florida, on the 7th day of January, in the year of our Lord one thousand eight hundred and ninety-eight, in the county and State aforesaid, did then and there by putting in fear one Rebecca Jackson, by then and there falsely representing and pretending to the said Rebecca Jackson that one of them, to-wit: the said S. S. Jones, was then and there an officer, to-wit: a constable, and authorized to take her furniture, and by then and there threatening to arrest and take into custody the said Rebecca Jackson, if she resisted them in the taking of said furniture, did then and there feloniously rob, steal, and take from the person of the said Rebecca Jackson one stove of the value of eighteen dollars, one bureau of the value of twelve dollars, one washstand of the value of eight dollars, one bedstead of the value of four dollars, one child's crib of the value of four dollars, one crib mattress of the value of one dollar, all of the value of forty-seven dollars, the property, goods and chattels of the said Rebecca Jackson, contrary to the form of the statute," &c. Before the trial plaintiff in error moved to quash the

information which was denied, and after the verdict he moved in arrest of judgment upon the ground that the information did not allege facts sufficient to charge him with the crime of which he was convicted, but this motion was also overruled, and from the sentence imposed he sued out this writ of error.

The only error assigned which we find necessary to consider relates to the ruling upon the motion in arrest of judgment. The information is based upon section 2398, Revised Statutes, reading as follows: "Whoever by force, violence or assault, or putting in fear, feloniously robs, steals and takes from the person of another, money or other property which may be the subject of larceny (such robber not being armed with a dangerous weapon) shall be punished by imprisonment in the State prison not exceeding fifteen years." The information does not charge any force, violence, or assault, but sets forth in detail the facts from which the conclusion that Rebecca Jackson was put in fear is drawn, and plaintiff in error argues that the facts alleged are not sufficient to show a "putting in fear" within the meaning of the statute quoted. The statute does not define what circumstances shall constitute "putting in fear," but this expression is evidently used in a technical sense, and we must ascertain its meaning by reference to the common law definition of robbery from whence it is derived. Turner v. State, 1 Ohio St., 422; Clary v. State, 33 Ark. 561. At common law robbery was "the felonious and forcible taking of the property of another from his person or in his presence, against his will, by violence or by putting in fear." 1 Wharton's Crim. Law, §846; 2 Russell on Crimes (9th ed.), *98. The putting in fear, or intimidation, was considered the equivalent of constructive violence, and the demands of the law were met by proof of fear excited with respect to apprehend in-

juries to the person, property or character.  2 Russell on Crimes (9th ed.), 113.  Though there need be no great degree of terror or affright for personal safety excited in the person robbed, the fact must be attended with such circumstances of terror or intimidation, such threatening by word, gesture or manner, as in common experience are likely to create an apprehension of danger and induce one to part with his property for the safety of his person.  2 Russell on Crimes, *113; I Hawkins Pleas of the Crown (8th ed.), p. 214, §8; Foster's Crown Law (2nd ed.), 128.  The terror which would lead the person robbed to apprehend an injury to his character was never deemed sufficient to support an indictment for robbery except in the particular instance of its being excited by means of insinuations against, or threats to destroy, the character by accusations of sodomitical practices.  2 Russell on Crimes (9th ed.), *118; I Wharton's Crim. Law, §852; 2 Bishop's New Crim. Law, §1173.

The facts alleged in this information do not in our opinion sustain the alleged conclusion that Rebecca Jackson was put in fear within the meaning of the statute.  The defendants are alleged to have falsely represented to her that one of their number was a constable and authorized to take her furniture, and to have threatened to arrest and take her into custody if she resisted them in the taking of her furniture.  These representations and threats are not alleged to have been accompanied with any show of force or other circumstances caluculated to produce terror.  Her property was not threatened, her character was not assailed by any insinuations of sodomitical practices, nor were there any menaces against her personal safety other than a threat to arrest and take her into custody if she resisted the taking of the furniture.  The means used were more in

the nature of tricks or artifices to enable the accused to obtain possession of the property with her express or implied consent, than those resorted to by the robber to intimidate his victim into submission to extortion. The rule is well settled that property obtained by trick or artifice or by threats of illegal arrest, or criminal prosecution, or insinuations against character except they relate to sodomitical practices, is not taken by "putting in fear" within the common law definition of robbery, and we think the same rule applies to the offence defined by our statute. Rex v. Edwards, 5 Car. & P. 518; Shinn v. State, 64 Ind. 13, S. C. 31 Am. Rep. 110; State v. Deal, 64 N. C. 270; Britt v. State, 7 Humph. 45; Long v. State, 12 Ga. 293; Bussey v. State, 71 Ga. 100, 51 Am. Rep. 256; Thomas v. State, 91 Ala. 34, 9 South. Rep. 81; Routt v. State, 61 Ark. 594, 34 S. W. Rep. 262; Hall v. People, 171 Ill. 540, 49 N. E. Rep. 495.

The judgment is reversed and the cause remanded to the court below with directions to grant the motion in arrest.