The plaintiff in error was convicted of breaking and entering a store building with "intent to commit a felony, to wit: To steal, take and carry away goods and chattels of the value of more than fifty ($50.00) dollars." He seeks a reversal of the judgment on writ of error.
The second assignment of error challenges the sufficiency of the indictment. A motion to quash it was made and overruled. The grounds of the motion were: that the indictment charged no offense; that it did not sufficiently charge the intent to commit a felony and that it does not allege the ownership of the building. All three of the grounds are argued under the second assignment of error.
The indictment, omitting venue and signature, is as follows:
"The Grand Jurors of the State of Florida, inquiring in and for the Body of the County of Charlotte, upon their oaths present, that Homer Addison, on the 3rd day of September A.D. 1926, at and in the County of Charlotte aforesaid, did break and enter a certain store building, then and there situated, to wit: a store building, the property of Punta Gorda Investment Company, a corporation organized and existing under the laws of the State of Florida, and then and there being used as a Store Building by R. K. Seward, doing business as the Punta Gorda Dry Goods Company, with intent to commit a felony, to wit: To steal, take and carry away goods and chattels of the value of more than fifty ($50.00) dollars, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida."
The first attack on the indictment is that it is bad because it does not allege that the breaking and entering was unlawful.
The Statute, Section 5116 Revised General Statutes, denounces the crime of breaking and entering a building with *Page 744 
intent to commit a felony, or after having entered with such intent the breaking of such building. It is the intent with which a person breaks and enters a building or after entering with such intent breaks it which constitutes the gravamen of the offense. In either case there must exist the intent to commit a felony when a person enters a building to constitute the offense. If he breaks the building before entering the entry must be with intent to commit a felony; if he breaks the building after entering the entry must have been with such intent.
If one enters a building, such as described in the above mentioned section without breaking but with intent to commit a felony, one commits the offense denounced by Section 5117 Revised General Statutes.
The indictment in the instant case charges the offense in the language of the statute first mentioned. It charges the breaking and entering with intent to commit a felony. See Schley v. State, 48 Fla. 53, 37 So.2d Rep. 518; Hollingsworth v. State, 73 Fla. 44, 75 So.2d Rep. 612; Mills v. State,58 Fla. 74, 51 So.2d Rep. 278.
In the last case cited this Court, speaking through Mr. Justice PARKHILL, said: "The requisite degree of certainty in an indictment must have reference to the matter to be charged and the manner or form of charging it." The matter to be charged in this case was the breaking and entering of the building with intent to commit a felony. The form in which such matter was to be charged could not well be cast in better or more explicit words than those of the Statute. How the accused broke the building or how he entered it would be circumstances of no importance nor would they elucidate the act charged and make it clearer to the defendant; While the unlawful intention with which the entry was made could not be more clearly expressed *Page 745 
or described than to say it was to "commit a felony." To say that such an entry is unlawful would be tautologous.
The second assault upon the indictment is that it fails to define the felony with the intent to commit which the accused broke and entered. On this point we are of the opinion that the words of the statute "to commit a felony" are not in themselves sufficiently clear or explicit to advise the defendant of the nature and cause of the accusation. The particular felony which it is alleged the defendant entered to commit should be named or the circumstances constituting such a felony should be set out that it might appear whether the purpose or intent with which the accused entered was indeed to commit a felony.
There are many felonies with the intent to commit which one might break and enter and it could not be said that under an accusation of breaking and entering with intent to commit a felony any one of them might be proven and secure to the accused his constitutional right to be informed of the nature and cause of the accusation against him.
It has been held that where the name of the crime intended to be committed is given the indictment need not set out its elements. See State v. Watson, 102 Iowa 651, 72 N.W. Rep. 283.
The statutes of this State upon the subject of the crime of breaking and entering are but reenactments of the common law offense of burglary with certain elements of the latter crime omitted, as the commission of the offense at night and the building entered a dwelling house. The elements retained are a breaking, an entry, the building of another and the intent to commit a felony. Thus the common law offense of burglary has been extended.
Many states hold that in addition to the allegation that the intent was to commit a felony the indictment should go *Page 746 
further and set forth such elements of the intended felony as would be necessary in an indictment for such felony so that the court may say whether the offense intended was a felony or not. Barnhart v. State, 154 Ind. 177, 56 N.E. Rep. 212; Draughn v. State, 76 Miss. 574, 25 South, Rep. 153; Sullivan v. State,7 Okla. Cr. 307, 123 Pac. Rep. 569; 9 C. J. 1050; 4 R. C. L. 436.
The indictment in this case not only fails to name the particular felony which the accused intended to commit but it also fails to allege the elements of grand larceny as defined by our statute. See Sec. 5122 Revised General Statutes. The words: "Intent to commit a felony, to wit: To steal, take and carry away goods and chattels of the value of more than fifty ($50.00) dollars," is not the equivalent of an allegation that the crime intended was the felony of grand larceny because to constitute that offense the goods stolen must be the goods of another. There should be no intendments or presumptions against the accused to supply the defects of pleading.
It is much better, as this Court has often suggested, to employ the words of the statute in preparing information or indictments and not substitute others for them, but if one will not follow the language of the statute and insists upon substituting other words therefor they should at least be sufficient to clearly and definitely charge an offense and not be so uncertain as to make it necessary to invoke a presumption or intendment against the accused to clarify the language used.
The motion to quash the indictment should have been granted.
BUFORD, J., concurs. *Page 747