ED PIPPIN and C. C. PRICE, *Plaintiffs in Error*. vs. THE STATE OF FLORIDA, *Defendant in Error*.

136 So. 883.

En Banc.

Opinion filed October 7, 1931.

*John H. Carter,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney-General, and *Roy Campbell,* Asst., for Defendant in Error.

WHITFIELD, P.J.—The indictment herein is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

The grand Jurors of the State of Florida, impaneled and sworn to inquire and true presentment make in and for the body of the County of Jackson upon their oath do present that Peter J. Savage of the County of Jackson and State of Florida, on the 29th day of December in the year of our Lord, one thousand nine hundred and thirty in the County and State aforesaid an assault did then and there make upon one Theodore Doman and one Allan Orrick and did then and there unlawfully and feloniously rob, steal and take from the persons of the said Theodore Doman and Allan Orrick certain personal property, the subject of larcency, to-wit: one over coat, one leather top coat and one jacket or vest, a more particular description of which said property being to the Grand Jurors unknown, he the said Peter J. Savage being then and there armed with a deadly weapon, to-wit, a pistol, and with intent then and there if resisted, to kill or maim the said Theodore Doman and Allan Orrick; and the Grand Jurors aforesaid upon their

oaths aforesaid do further say and present that one Ed Pippin and one C. C. Price were then and there feloniously present aiding, counseling, hiring and procuring the said Peter J. Savage and said felony, in the manner and by the means aforesaid, to do and commit; Contrary to the Statute'' Etc.

Upon conviction the defendants took writ of error and urge the legal insufficiency of the indictment and of the evidence to support the verdict and judgment.

"Robbery, at common law, is the felonious taking, without *bona fide* claim of right, of a thing of value from the person or presence of another, against his will, by force or by putting him in fear." 24 Am. & Eng. Enc. Law (2d Ed.) p. 991.

"Robbery, at common law, is the taking, with intent to steal, of personal property in possession of another, from his person or in his presence, by violence or by putting him in fear." 34 Cyc. p. 1796.

"Robbery at common law is defined as the felonious taking of money or goods of value from the person of another or in his presence, against his will, by violence or putting him in fear." 23 R. C. L. p. 1139.

The statute provides that:

"Whoever assaults another and feloniously robs, steals and takes from his person or custody, money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with the intent if resisted to kill or maim the person robbed, *or*, being so armed, wound or strike the person robbed, shall be punished by imprisonment for a term of years or for life imprisonment in the discretion of the court for and during a term of his natural life." Sec. 7157, C. G. L. 1927.

The statute does not change the nature of the crime defined as robbery at common law and does not in substance change the requirement of the common law as to the essentials of an indictment for robbery. The indictment alleges that the "personal property" taken was the "subject of larceny," which might indicate that the property was of some value, but the indictment does not allege the owner of

the property or that the defendants were not the owners or that the owners were unknown.

An indictment for robbery should state the name of the owner of the property taken or that the owner is unknown. The approved forms at common law set forth the ownership of the property as well as the name of the person from whom it is taken. It should clearly appear by the indictment that the article taken belongs to some person other than the accused, or that the party deprived of the possession through violence was entitled to the possession, as against the defendant. If the property taken belonged to the defendants or they were entitled to the possession of it, the crime would not be robbery. Smedley v. State, 30 Texas 24; 18 Enc. Pleading & Practice, 1223; 34 Cyc. 1803. See also Simmons v. State, 41 Fla. 316, 25 So. 881; Mortsdoca v. State, 84 Fla. 82, 93 So. 157; 24 Am. & Eng. Enc. Law, p. 1003; 23 R. C. L., p. 1154; 3 Bishop's New Crim. Procedure (2d Ed.) p. 1865; Joyce on Indictments (2d Ed.) p. 1005; 16 Enc. of Forms, p. 723-25; 9 Standard Enc. of Procedure, p. 1103.

The evidence is not considered.

Reversed.

BUFORD, C.J., AND ELLIS AND TERRELL, J.J., concur.

BROWN, J., dissents.

DAVIS, J., disqualified.

BROWN, J., Dissenting:—I am inclined to think the indictment was sufficient. It substantiably followed the language of the statute, 7157 C. G. L. See also Stephens v. State, 92 Fla. 43, 109 So. 303.