James Hamilton v. State.

182 So. 854.
Opinion Filed July 16, 1938.
Rehearing Denied August 2, 1938.

482

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BROWN, J.—Plaintiff in error was convicted of assault with intent to commit armed robbery and was sentenced to twenty years' imprisonment. The cause is now brought to this Court for review, by return of the writ of error issued herein, and also by petition for writ of habeas corpus, attacking the validity of the indictment. A former conviction was set aside, for reasons not pertinent here. See State, *ex rel.* Hamilton, v. Chapman, 125 Fla. 235, 169 So. 658.

The information upon which the conviction is predicated is as follows (omitting formal parts):

"Roy D. Stubbs, State Attorney of the Twelfth Judicial Circuit of the State of Florida, prosecuting for the State of Florida, in the County of Collier, under oath information makes that James Hamilton, late of the County and State aforesaid, on the 1st day of April, in the year of our Lord One Thousand Nine Hundred and Thirty-six, in the County and State aforesaid, did unlawfully make an assault upon one Vance Fackler, with intent then and there to rob, steal and take from the person and custody of the said Vance

Fackler, money and other property the subject of larceny, to-wit: thirty-seven dollars and fifty cents ($37.50) in currency and coin, of the United States of America, money current, of the value of $37.50, and that said Vance Fackler was entitled to the possession of said money as against the said James Hamilton, and that the said James Hamilton was not the owner of said moneys, and the said James Hamilton was then and there armed with a dangerous weapon, to-wit: a pistol, and with the intent then and there on the part of the said James Hamilton to kill and maim the said Vance Fackler if resisted;"

Motion to quash the foregoing information was overruled. Plaintiff in error here attacks the sufficiency of the information on three grounds:

*First:* That it does not allege that the defendant committed an assault with intent to commit an assault, with intent to rob, etc.

*Second.* On the ground that the information does not charge that the offense was feloniously done, and

*Third.* That the information does not name the owner of the property.

The information endeavors to charge under Section 7165, Compiled General Laws of Florida of 1927, an assault with intent to commit the felony described in Section 7157 C. G. L., as amended by Chapter 13792, Acts of 1929. The two statutes are as follows:

"7157 (5055) Robbery by person armed: Whoever assaults another and feloniously robs, steals and takes from his person or custody, money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with the intent if resisted to kill or maim the person robbed, or, being so armed, wound or strike the person robbed, shall be punished by imprison-

ment in the state prison for a term of years or for life imprisonment in the discretion of the court for and during a term of his natural life.

"7165 (5063) What assaults felonies. Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed."

It is contended by plaintiff in error that as the information seeks to charge him with an assault on another with intent to commit the felony described by Section 7157, *supra,* that it is necessary for the information to set out every essential element of that felony and that assault is one of those elements. The first ground of attack on the sufficiency of the information then is that it does not charge that the defendant assaulted another *with intent to assault another* and feloniously rob, steal and take from his person, etc.

We can not agree with plaintiff in error's contention. The crime charged by the information is assault with intent to commit a felony. Assault itself is one of the essential elements of both of the crimes set out in the above statutes. The information alleges that the defendant assaulted another and a further allegation that he intended to assault another would be mere surplusage. The completed act is sufficiently alleged and this would of necessity include the "intent to assault."

It is next contended that as the statutory definition of armed robbery, as set out by Section 7157, *supra,* states "whoever assaults another and *feloniously* robs, etc.," it is

necessary for the information to allege that the act was done "feloniously."

Where the facts and allegations in the information or indictment clearly show that the crime charged is a felony, as in this information, then to go further and allege that the act is a felony or was done feloniously would be to allege a mere conclusion of law. Especially is this true in view of Section 8370 C. G. L. of 1927:

"Indictment in felonies. It shall not be necessary to allege in an indictment that the offense charged is a felony, or felonious or done feloniously, nor shall any indictment or complaint be quashed or deemed invalid by reason of the omission of the words 'felony,' 'felonious,' or 'feloniously.'

In Akin v. State, 86 Fla. 564, 98 So. 609, 611, this Court held:

"At common law indictments for felonies should allege the acts constituting the crime to have been feloniously done; but, in consequence of the constitutional and statutory provisions of this state, the failure to allege that the criminal acts charged were feloniously done does not affect the validity or sufficiency of the indictment, when not required by the statute defining the offense. McCaskill v. State, 55 Fla. 117, 45 So. 843; Riggins v. State, 78 Fla. 459, 83 So. 267; State v. Murphy, 17 R. I. 698, 24 Atl. 473, 16 L. R. A. 550."

While it may be implied from the language of these opinions that where the statutory definition of the crime charged contains the words "felony," "felonious" or "feloniously" that Section 8370, *supra,* would not apply and that the omission of such words from the indictment or information would render such information or indictment vulnerable to attack by motion to quash; yet the fact remains that Section 8370, C. G. L., does not recognize any exceptions, and from

the clear and concise words of that statute it is plain that none were contemplated. Therefore this Court cannot read into the statute such an interpretation, at least in a case like the one at bar. If all the factual elements of a particular crime are alleged in the indictment or information, including the intent, when that also constitutes an element of the offense, the omission of the words pointed out in said Section 8370 will not afford ground for quashing the indictment or information. See as persuasive, Baldwin v. State, 46 Fla. 115, 35 So. 220.

It is next contended by the plaintiff in error that the allegations of ownership are insufficient in that the information does not disclose the name of the owner of the property. The case of Pippin, *et al.*, v. State, 102 Fla. 1124, 136 So. 883, contains the following discussion of the question:

"An indictment for robbery should state the name of the owner of the property taken, or that the owner is unknown. The approved forms at common law set forth the ownership of the property as well as the name of the person from whom it is taken. It should clearly appear by the indictment that the article taken belongs to some person other than the accused, *or that the party deprived of the possession through violence was entitled to the possession, as against the defendant.* If the property taken belonged to the defendants or they were entitled to the possession of it, the crime would not be robbery." (Citing cases.)

In 23 R. C. L. 1154 it is stated:

"As to whether or not the ownership of the property taken must be laid in the true owner, the generally accepted view is that the rule is no more stringent in cases of robbery than in cases of larceny. *The only thing essential in either case seems to be an averment which shall show*

*conclusively that the property does not belong to the defendant."*

The rule is stated in 54 C. J. 1039:

"The general rule is that the indictment or information should contain allegations sufficient to negative accused's ownership of the property taken. *In other words, there should be an allegation setting out the ownership of the property taken, in so far as necessary to negative the idea that accused was taking his own property."*

The allegation in the information "that the said Vance Fackler was entitled to the possession of said money as against the said James Hamilton, and that the James Hamilton was not the owner of said moneys" is sufficient.

Section 8369 C. G. L. of 1927 provides that "no indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses *or for any cause whatsoever* unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." (Italics ours.) And Section 8366, Compiled General Laws, provides that the rules of pleading and practice relative to indictments shall obtain as to informations so far as they may be applicable.

We are of the opinion that the information under consideration is sufficient and is not "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." The petition for writ of habeas corpus based upon the ground that the information

upon which defendant was convicted was insufficient to charge a crime is accordingly denied.

It is next contended by plaintiff in error that the evidence reveals that the accused was so drunk that he was incapable of forming the specific intent necessary for a conviction of the offense charged. This was a question of fact for the jury to decide and it appears from the testimony that the jury as reasonable men were justified in finding as they did. This Court will not disturb the jury's verdict or findings based on conflicting testimony, unless it is manifestly against the weight of the evidence and clearly wrong.

We have considered all the assignments of error and the briefs and arguments based thereon and no reversible error has been made to appear. While we consider the sentence a severe one, in view of the fact that plaintiff in error was only fifteen years and eight months old at the time, we should not reverse the judgment on that ground, which is matter for the Board of Pardons to consider.

The judgment must therefore be affirmed.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to affirmance of the judgment.