138 So.2d 90 (1962)
Edward Morris GAGNE, Appellant,
v.
STATE of Florida, Appellee.
No. 2526.
District Court of Appeal of Florida. Second District.
February 28, 1962.
*91 Harold S. Wilson, Clearwater, for appellant.
Richard W. Ervin, Atty. Gen., and Robert R. Crittenden, Asst. Atty. Gen., for appellee.
SHANNON, Chief Judge.
The appellant, along with a co-defendant, Frances Carolyn Eklund, was informed against for the crime of breaking and entering with intent to commit grand larceny. Both plead not guilty, were tried by a jury and convicted as charged in the information. Defendant Eklund's motion for new trial was granted, while the appellant's motion was denied and he was sentenced to a term of six months to five years in prison.
On January 20, 1961, John and Rose Tieman checked into a room in a St. Petersburg motel. Upon retiring early in the evening, Tieman claimed that his wallet containing $882 was left in the pocket of a pair of overalls which were placed over a suitcase at the head of the bed. He testified that upon being awakened at about 5:00 A.M. by his wife he checked his wallet and discovered that the money was gone. Rose Tieman testified that she was awakened at about 5:00 A.M. and saw a man bending over a table in the room; and that she got a good look at him. She identified him as the defendant-appellant, Gagne.
In addition to the testimony of the Tiemans at the trial, investigating police officers also testified. One of the policemen, Sgt. Meyers, testified to a statement made to him by the appellant's co-defendant, Frances Eklund. This officer testified that Eklund related to him that she had come from Canada with appellant and checked into a St. Petersburg motel; that on several occasions, including the night in question, they drove into motel parking lots and appellant would be gone for a short time and then return to the car. This testimony was objected to by appellant's attorney and the court instructed the jury that the testimony was to be considered only as to the defendant, Eklund.
The appellant has raised two questions for our consideration, namely, 1) whether or not the allegations of ownership in the information for breaking and entering were substantially proved as laid; and 2) whether or not the trial court erred in admitting into evidence extra-judicial statements of the co-defendant, Eklund.
The direct information filed in the instant case read as follows:
"FRANCES CAROLYN EKLUND and EDWARD MORRIS GAGNE of the County of Pinellas and State of Florida, on the 20th day of January in the year of our Lord, one thousand nine hundred sixty one, in the County and State aforesaid, did then and there break and enter #4 housing facility of the Venice Motel, said #4 housing facility being designed as a dwelling unit and then and there occupied by John Tieman and Rose Tieman, his wife, as a dwelling, said Venice Motel located at 3301-34th Street, North, in the City of St. Petersburg, in the County and State aforesaid, the property of Jack Richmond and Russell Hagewood, doing business as Venice Motel, with intent then and there to commit a felony, to-wit: grand larceny; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."
When a person is charged with breaking and entering he is charged with an offense against the possessory rights of another person. Cannon v. State, 1931, 102 Fla. 928, 136 So. 695. It is well established in the jurisprudence of this state that where this offense is charged, allegations of ownership of the premises burglarized are material and substantial matters and must be proved in order to support a conviction. Haines v. State, Fla.App. 1959, 113 So.2d 601; Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661; and Lopez v. State, 1932, 106 Fla. 361, 143 So. 303.
*92 In Potter v. State, 1926, 91 Fla. 938, 109 So. 91, the court held that an indictment which alleged that a dwelling house was "occupied" by a named person was insufficient and hence fatally defective because ownership is a material ingredient of the offense of breaking and entering and must be laid in the indictment. Subsequently, in the case of Addison v. State, 1928, 95 Fla. 737, 116 So. 629, the supreme court had before it the question of the sufficiency of an indictment in which ownership of the building was laid in the Punta Gorda Investment Company while occupancy was alleged to be in R.K. Seward. The court commented that while ownership should have been laid in the party in possession,
"* * * It certainly shows that the building was not the property of the accused, and it so identifies the offense and the building broken and entered as to protect the accused from a second prosecution for the same offense. Nor could the indictment in this respect have possibly misled the accused or embarrassed him in the preparation of his defense, for it alleged both the real owner and the party in actual possession."
As the court stated in the Addison case, there are two reasons for this requirement, viz., 1) to show that the building alleged to have been broken into was not the property of the accused inasmuch as a person cannot commit the offense of breaking and entering his own building; and 2) to so identify the offense as to protect the accused from a second prosecution for the same offense. See also Davis v. State, 1906, 51 Fla. 37, 40 So. 179.
It is to be noted in the instant indictment that ownership and occupancy of the premises burglarized were laid in different persons. At the trial the state put on the testimony of Mr. and Mrs. Tieman, who stated that they were occupying the motel room in question as guests on the night in question. The offense charged in the indictment was, therefore, against the possessory rights of Mr. and Mrs. Tieman. The state elicited no testimony to prove the ownership of the motel itself. We do not consider that such proof was necessary to sustain this conviction. The evidence shows that the Tiemans were lawfully in possession of the motel unit at the time of the offense. They were the persons against whose possessory rights the unit was broken into and entered. We, therefore, hold that the evidence was sufficient under the information hereinabove set out to sustain a conviction thereunder.
The appellant next challenges the admission into evidence of certain extra-judicial statements of the co-defendant, Eklund, contending that these statements were innocuous to the relator but damaging and prejudicial to himself. After the state had proffered the testimony of the police officer the trial court instructed the jury as follows:
"Ladies and gentlemen, this gentleman is going to detail to you the conversation he had with the Defendant Eklund in the absence of the Defendant Gagne.
"You will consider this evidence as bearing upon the case against Eklund, not against the Defendant Gagne, he not being present. He is not responsible or chargeable with the conversation between this witness and the Defendant Eklund."
The gist of this testimony was that on the day in question Gagne and Eklund had driven to a motel, stopped the automobile and Gagne got out, stating, "I think I will try this one." The officer also related that Eklund told him of other similar visits to motels. During the course of the officer's testimony the court again instructed the jury as follows:
"Ladies and gentlemen, you realize this testimony, the conversation between this witness and Miss Eklund, is not to be considered as bearing upon  against the other Defendant, *93 he not being present. Do not consider this as to him."
In the case of Stoutamire v. State, 1938, 133 Fla. 757, 183 So. 316, one of three defendants, who were jointly indicted and tried, made statements to police officers which implicated his two co-defendants. In deciding the admissibility of the testimony of the officers regarding these statements, the court stated:
"It is true that the confession of Stoutamire implicated both Manski and Harris and detailed the part that each played in the larceny; however, the Court instructed the jury after each of the officers testified, that they should consider the confession only in connection with the guilt or innocence of Stoutamire and should not consider it in connection with the guilt or innocence of the other two defendants.
"The general rule is stated in 1 R.C.L. 574 as follows:
"`Upon the trial of two or more defendants for a crime, a confession made by one of them is admissible against him, although it implicates the others and tends to prejudice them before the jury. * * * Where, however, two or more defendants are jointly tried for the same offense or for a conspiracy to commit it, the declaration of no one of them made in the absence of the others after the completion of the offense is competent evidence against the others. The prejudicial effect, as against the codefendant, of a confession implicating him when admitted in evidence is supposed to be obviated by an instruction by the court that the confession must be considered only against the defendant who made it, and such an instruction should be given.'
"The confession was properly admitted even though it implicated the two codefendants, as the trial judge thoroughly instructed the jury that the confession was only to be considered against the defendant who made it. This prejudicial effect could have been further obviated by a severance, but counsel did not request the trial court to allow them separate trials."
In the instant case, the able trial judge twice instructed the jury that such testimony must be considered only against the defendant who made the statements. We, therefore, conclude that no error was committed in the admission into evidence of this testimony. Aside from the statements of the co-defendant, there was sufficient evidence before the jury to warrant the conviction of the defendant-appellant, Gagne.
Affirmed.
ALLEN and SMITH, JJ., concur.