200 So.2d 212 (1967)
Harold HUNT, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-784.
District Court of Appeal of Florida. Third District.
June 20, 1967.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
The appellant was tried and convicted of a robbery of a grocery store. On this appeal reversal is claimed upon the argument that the State failed to prove the ownership of the property. Appellant relies on Pippin v. State, 1931, 124 Fla. 1124, 136 So. 883 and Alvarez v. State, 128 Fla. 202, 174 So. 333 (1937).
The information alleged that the property taken was the property of "Clara W. George, d/b/a George's Market". The State proved that the property taken was cash from the cash register and a part of the stock of goods of a grocery store known as George's Market which was owned by Clara W. George. The evidence was sufficient.
In each of the cases cited by the appellant, the court discussed the sufficiency of an indictment or information where allegations of ownership are necessary. The allegations of ownership should be sufficient enough to (1) establish that the property was not that of the accused, Pippin v. State, 102 Fla. 1124, 136 So. 883 (1931); (2) protect the accused against a second prosecution for the same crime, Gagne v. State, Fla.App. 1962, 138 So.2d 90, and (3) to avoid misleading or embarrassing the accused in the preparation of his defense. Addison v. State, 95 Fla. 737, 116 So. 629 (1928).
The facts of this case do not support appellant's contention that the proof was insufficient to establish ownership.
Affirmed.