PER CURIAM.
Appellant was convicted of breaking and entering with intent to commit a felony and sentenced to a term of fifteen years imprisonment.
Appellant was apprehended at 2:20 A.M. by a policeman. At the time of apprehension, appellant was bent over with his head and shoulders in a hole that had been knocked in the rear of a drugstore. Several feet away from the hole, the arresting officer found a .32 calibre automatic pistol, a sledgehammer, a screwdriver, nail puller, brace and bit, auger bits, rope and flashlight. The hole went all the way through the wall and into the rear of the drugstore. The combination lock had been knocked off the safe.
Appellants first point on appeal challenges the sufficiency of the evidence in that the same is circumstantial only. There is no merit to said contention. The evidence is more than sufficient to allow the jury to infer guilt. No reasonable hypothesis consistent with appellant’s innocence has been suggested to the court.
The remaining point is premised on a contention that there was a fatal variance between the information and the proof concerning the ownership of the building entered. The latter point must be decided adversely to appellant on authority of Hunt v. State, 200 So.2d 212 (Fla.App.1967).
Accordingly, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and SPECTOR, JJ., concur.