293 So.2d 768 (1974)
Bloneva CLARK, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1238.
District Court of Appeal of Florida, Third District.
April 2, 1974.
Rehearing Denied May 20, 1974.
*769 Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant was found guilty of grand larceny after a trial before the court without jury. On this appeal from the judgment, she urges a single point as follows:
"Whether the trial court erred in denying defendant's motions for judgment of acquittal and dismissal of the information where there was a material and fatal variance between the allegate [sic] and the probata,...".
Appellant was charged by an information as follows:
* * * * * *
"... did then and there unlawfully and feloniously take, steal and carry away certain personal property, to-wit: ASSORTED DRESSES, property of another, to-wit: LaVERNE WHARTON, as owner or custodian, said property being then and there of the value of ONE HUNDRED DOLLARS ($100.00) or more, in violation of 811.021 Florida Statutes [F.S.A.],".
At the trial, it was stipulated that the dresses which the defendant had in her possession when she was arrested were the property of Sears, Roebuck & Company stores. The proof at trial was that LaVerne Wharton was an employee of Sears having as one of her duties the supervision of the stock of the store for the purpose of preventing thefts.
One of the cases upon which appellant relies for reversal is Hunt v. State, Fla. App. 1967, 200 So.2d 212. In that case, where the question was the sufficiency of the proof of the ownership of property which had been stolen, the court held the proof sufficient upon the ground that:
* * * * * *
"The allegations of ownership should be sufficient enough to (1) establish that the property was not that of the accused, Pippin v. State, 102 Fla. 1124, 136 So. 883 (1931); (2) protect the accused against a second prosecution for the same crime, Gagne v. State, Fla.App. 1962, 138 So.2d 90, and (3) to avoid misleading or embarrassing the accused in the preparation of his defense. Addison v. State, 95 Fla. 737, 116 So. 629 (1928)."
* * * * * *
In view of the stipulation contained in the record, and the fact that it was clearly demonstrated that the alleged custodian had a superior right of possession to the property than that of the defendant, the judgment is affirmed. See Sifford v. State, Fla.App. 1967, 202 So.2d 14. Cf. Llano v. State, Fla.App. 1972, 271 So.2d 34.
An examination of this record conclusively demonstrates (1) that the property was not that of the accused and that she claimed no rights therein, (2) that the accused is fully protected against a second prosecution for the same crime, and (3) that the accused was in no way misled or embarrassed in the preparation of her defense.
Affirmed.