293 So.2d 71 (1974)
George JOHNSON and Horace Rucker, Appellants,
v.
The STATE of Florida, Appellee.
No. 44919.
Supreme Court of Florida.
April 3, 1974.
Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This appeal has been transferred to us by the District Court of Appeal, Third District, pursuant to Florida Appellate Rule 2.1, subd. a(5), 32 F.S.A., because the constitutionality of Section 40.01 was impliedly upheld by the trial court. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution, F.S.A., (1973).
Appellants attack the constitutionality of Section 40.01, Florida Statutes, on the ground that this statute requires that juries be selected from Florida's voter list. We affirm the order of the trial court which impliedly upheld the constitutionality of Section 40.01, Florida Statutes, F.S.A., on the authority of our recent decisions in Jones v. State of Florida, 289 So.2d 385 (Fla. 1974), and Reed v. State, 292 So.2d 7 (Fla. 1974), wherein we upheld the constitutionality of the questioned statute against the identical attack which appellants now make. See also, State of Florida v. Silva, 259 So.2d 153 (Fla. 1972); Carter v. Jury Commission of Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970); Simmons v. United States, 406 F.2d 456 (5th Cir.1969) Gorin et al. v. United States, 313 F.2d 641 (1st Cir.1963). Appellants further contention that improper procedures were used in selecting veniremen is without merit. Reed v. State, supra. See also, Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954); Rawlins v. State, 201 U.S. 638, 26 S.Ct. 560, 50 L.Ed. 899 (1906); Williams v. State, 285 So.2d 13 (Fla. 1973); State v. Silva, supra.
Additionally appellants urge that the information charging them with the crime of robbery in violation of Section 813.011, Florida Statutes, F.S.A., was defective and that the trial court erred in denying motions to dismiss the information. We do not agree with this contention, but rather we find that the information is sufficient to sustain the conviction. Relative to this point, appellants argue that the information is insufficient and failed to allege that the owner of the property taken is a corporation. The questioned information properly charged that on June 24, 1972, in Dade County, Florida, defendants "did unlawfully and feloniously make an *72 assault upon JAMES E. FARRIES and did by force, violence or putting in fear, rob, steal, take and carry away from the person or custody of the said JAMES E. FARRIES and against his will certain monies, goods or other property, to-wit: A PISTOL, CASH in the sum of approximately ($3,000.00) THREE THOUSAND DOLLARS, said property being the subject of larceny and the property of JAMES E. FARRIES as owner or custodian, in violation of 813.011 Florida Statutes [F.S.A.]."
The information first charged that Farries was robbed of his pistol. As respondent correctly states, the record on appeal reveals with absolute certainty that the defendants did in fact rob Farries of his gun. Secondly, relative to appellants' assertion that actual ownership of the money by the corporation was not alleged, we must point out that Farries was a security guard at the store in question on the date of the robbery, and as a security guard, he was charged with the duty of protecting the store and its contents. The record contains sufficient evidence to show that Farries at the time of the robbery was the custodian of the property as alleged in the information and that the property taken did not belong to the defendants but rather that Farries as custodian of the money was entitled to possession thereof as against defendants. The information was sufficient to reasonably inform the defendants of the crime for which they were charged. In Hamilton v. State, 133 Fla. 481, 182 So. 854 (1938), which involved the sufficiency of an information as to allegation of ownership, this Court explicitly held:
"It is next contended by the plaintiff in error that the allegations of ownership are insufficient in that the information does not disclose the name of the owner of the property. The case of Pippin et al. v. State, 102 Fla. 1124, 136 So. 883, contains the following discussion of the question (page 884): `An indictment for robbery should state the name of the owner of the property taken, or that the owner is unknown. The approved forms at common law set forth the ownership of the property as well as the name of the person from whom it is taken. It should clearly appear by the indictment that the article taken belongs to some person other than the accused, or that the party deprived of the possession through violence was entitled to the possession, as against the defendant. If the property taken belonged to the defendants or they were entitled to the possession of it, the crime would not be robbery.' (citing cases).
"In 23 R.C.L. 1154 it is stated: `As to whether or not the ownership of the property taken must be laid in the true owner, the generally accepted view is that the rule is no more stringent in cases of robbery than in cases of larceny. "the only thing essential in either case seems to be an averment which shall show conclusively that the property does not belong to the defendant.'

"The rule is stated in 54 C.J. 1039: `The general rule is that the indictment or information should contain allegations sufficient to negative accused's ownership of the property taken. In other words, there should be an allegation setting out the ownership of the property taken, in so far as necessary to negative the idea that accused was taking his own property.'"

See also, Chapman v. State, 260 So.2d 244 (Fla.App. 1972); Hunt v. State, 200 So.2d 212 (Fla.App. 1967); Gagne v. State, 138 So.2d 90 (Fla.App. 1962); Addison v. State, 95 Fla. 737, 116 So. 629 (1928).
We are of the opinion that the information under consideration is sufficient to charge the crime for which defendants were convicted.
Accordingly, having found no reversible error, the judgments of the trial court should be and are hereby affirmed.
It is so ordered.
ADKINS, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.